**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSUELO EMPERATRIZ
NAVARRETE-GONZALEZ ET AL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-607

Agency Nos. A209-234-823
A209-234-824

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.
Partial Dissent by Judge LEE.

Petitioners Consuelo Emperatriz Navarrete-Gonzalez and her minor

daughter ("Petitioners" or "Navarrete-Gonzalez"), natives and citizens of El

Salvador, seek review of the Board of Immigration Appeals' ("BIA") decision

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

denying their applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.§ 1252.

Navarrete-Gonzalez testified that members of the 18th Street gang in El Salvador extorted her, threatening to kill her and her daughter if she failed to pay them. On May 30, 2016, two gang members came to her house, and threatened to kill her and her family if she did not pay them $3000. A couple of weeks later, gang members accosted Navarrete-Gonzalez and her daughter again. After Navarrete-Gonzalez told the gang members she could not pay, one gang member pulled out a gun, threatened to kill her and her daughter, and told her that "they were not playing" and that "this was [her] last warning." She believed the gang members would follow through on their threats. She testified that her cousin had been killed for ignoring death threats, as well as her neighbor and his son. She subsequently fled to the United States with her minor daughter.

Though the Immigration Judge ("IJ") found Navarrete-Gonzalez's testimony credible, the IJ and BIA denied her applications for asylum, withholding of removal, and relief under CAT. We review for substantial evidence factual findings that an applicant has not established eligibility for asylum, withholding of removal, or CAT relief. 8 U.S.C. § 1252(b)(4)(B); *Plancarte Sauceda v. Garland*,

23 F.4th 824, 831 (9th Cir. 2022). We deny in part and grant in part the petition for review, and remand.

1. The BIA's denial of Navarrete-Gonzalez's claims for asylum and withholding of removal is supported by substantial evidence. The BIA found that Navarrete-Gonzalez was not persecuted on account of a protected ground—a necessary element of both asylum and withholding claims. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). The BIA held that economic gain rather than a protected ground motivated the gang members. Substantial evidence supports that holding. Navarrete-Gonzalez testified that the gang members targeted her because they knew her parents lived in the United States and were sending her money.

2. To obtain relief under CAT, an applicant must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). A CAT claim also requires a showing of government acquiescence. *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (citing 8 C.F.R. § 208.18(a)(7)). The BIA rejected the CAT claim, holding that Navarrete-Gonzalez had not shown either a likelihood of torture or government acquiescence. However, in reaching both holdings, the BIA neglected highly probative evidence supporting Navarrete-Gonzalez's CAT claim.

3

The BIA concluded that there was no likelihood of torture because Navarrete-Gonzalez's fear that she and her daughter would be killed was based on "a chain of assumptions and speculation." While mere speculation alone cannot establish a risk of torture, Navarrete-Gonzalez testified that her family was threatened on two occasions by a gang that is known to carry out death threats. She also testified that three other individuals she knew—her cousin, her neighbor and his son—were killed for defying the gangs. The BIA also found that Navarrete-Gonzalez did not "present[] sufficient particularized evidence to show any state actor would be willfully blind to her feared torture." However, in addition to providing country conditions evidence, Navarrete-Gonzalez testified that the police are infiltrated by and cooperate with gang members and that she had previously called the police about robbers and no police ever came to investigate her calls. Neither the IJ nor the BIA acknowledged the existence of any of this evidence in denying relief under CAT.

This Court has been clear that "all evidence relevant to the possibility of future torture shall be considered" in the evaluation of a CAT claim. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (citing 8 C.F.R. § 1208.16(c)(3)). While the BIA need not discuss each piece of evidence submitted,"where there is any indication that the BIA did not consider all of the evidence before it, a catchall

4

phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id.* at 771–72; *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). Here, the IJ and the BIA entirely failed to mention, much less give "reasoned consideration" to, any of Navarrete-Gonzalez's particularized evidence showing risk of future torture or the acquiescence of a state official. *Cole*, 659 F.3d at 772.

When the BIA justifies the denial of relief with conclusory boilerplate language, and neglects highly probative evidence to the contrary, "the decision cannot stand." *Id.* Accordingly, we grant the petition and remand on the CAT claim.

**PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART; REMANDED.**

Each party shall bear its own costs.

*Navarette-Gonzalez, et al. v. Garland*, No. 22-607:
LEE, Circuit Judge, dissenting in part.

I respectfully dissent from the majority's decision to partially grant the petition on the Convention Against Torture (CAT) claim. The majority stresses the agency's failure to specifically address Consuelo Navarrete-Gonzalez's testimony that her cousin, neighbor, and neighbor's son were killed by gang members for ignoring death threats. But when reviewing the agency's decision, "we apply a 'presumption that the BIA did review the record.'" *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022) (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)). And "if evidence is neither 'highly probative nor potentially dispositive,' the [BIA] need not expressly discuss it." *Id.* (quoting *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020)).

Navarrete-Gonzalez's declaration about the gang killings was vague. For example, she did not explain why those individuals were threatened or ultimately killed by gangs. Without more, a general assertion of criminal activity cannot be considered highly probative or dispositive of Navarrete-Gonzalez's likelihood of future torture, especially given the substantial and countervailing evidence. For example, neither Navarrete-Gonzalez nor her daughter was ever harmed in El Salvador, and she has adduced no evidence that anyone is looking for her. Indeed, Navarrete-Gonzalez's grandmother and sister currently reside in El Salvador unharmed. Thus, I do not believe the agency erred in failing to specifically address this claim.

The majority opinion also points out that the agency did not address Navarrete-

1

Gonzalez's assertion that the police had failed to investigate her report that robbers wanted to (but did not ultimately enter) her home. But that claim of "general ineffectiveness on the government's part to investigate" is also insufficiently probative and dispositive of government acquiescence to criminal activity. *Id.* at 770.

Because we presume that the agency reviewed the record, and as it did not ignore highly probative or potentially dispositive evidence, I do not believe the record compels reversal of the denial of CAT relief. I respectfully dissent.